UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

b

| | |
|---|---|
| JOHN CABELLO-HERRERA | CIVIL ACTION 1:16-CV-01682 |
| VERSUS | JUDGE DRELL |
| WARDEN, LASALLE CORRECTIONAL CENTER | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

I.  Background

John Cabello-Herrera ("Cabello-Herrera") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging detention for more than six months pending removal and seeking pre-removal release pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001).

Cabello-Herrera is a native of Venezuela and a "permanent resident" of Canada. He illegally reentered the United States on about August 10, 2015, after having been twice removed (on October 26, 2005 and July 14, 2011) pursuant to a prior order of removal (Doc. 12). Cabello-Herrera has been detained since August 10, 2015.

Cabello-Herrera claimed fear of returning to Venezuela and filed an application for deferral of removal. His case was referred to an immigration judge (Doc. 12). Decisions to continue Cabello-Herrera's detention were issued in June 2016, July 2016, and February 2017, while his application for deferral of removal was considered (Doc. 12-6, 12-8, 12-9). In March 2017, Cabello-Herrera's application for

deferral of removal was denied, and he waived his right to appeal (Doc. 12). A travel document to Venezuela was requested in March 2017 (Docs. 12, 13).

## II.   Law and Analysis

Respondents answered Cabello-Herrera's petition (Doc. 12), showing through documentary evidence that his removal was delayed due to review of his claim of fear of returning to Venezuela.

Cabello-Herrera filed his habeas petition prematurely, before a ruling had been issued on his application for deferral of removal due to fear. A final order of removal, pursuant to which an alien was previously removed, is reinstated after the alien illegally reenters the country. See 8 U.S.C. § 1231(a)(5); 8 C.F.R. § 241.8(a). An alien subject to a reinstated removal order is detained pursuant to § 1231, regardless of whether the alien has initiated reasonable fear proceedings. The regulations provide that a removal order may not be executed while withholding of removal and reasonable fear proceedings are pending. See 8 C.F.R. § 241.8(e).

A decision was issued on Cabello-Herrera's reasonable fear proceeding in March 2017, and he declined to appeal. Cabello-Herrera's removal order became executable in March 2017.

Although the INS has 90 days to remove an alien after he is ordered removed, 8 U.S.C. § 1231(a)(1)(A), the Supreme Court has held that § 1231 permits the detention of beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. Pursuant to Zadvydas, detention for up to

six months after the removal order becomes final is presumptively reasonable. Zadvydas v. Davis, 533 U.S. at 701.

After six months, however, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. Zadvydas, 533 U.S. at 701.

Cabello-Herrera contends there is no significant likelihood that he will be removed in the reasonably foreseeable future, but has not offered any facts or evidence to support that contention. Cabello-Herrera's conclusory statement is inadequate to meet his burden of proof. See Andrade v. Gonzales, 459 F.3d 538, 543-44 (5th Cir. 2006), cert. den., 549 U.S. 1132 (2007).

Cabello-Herrera also alleges he has been denied due process because he has not been afforded a detention hearing. However, he has been afforded periodic reviews of his custody status (Docs. 1, 11). Cabello-Herrera is not entitled to a hearing.[1] See 8 C.F.R. § 241.4(a)(1), (h), (i).

Cabello-Herrera contends he would like to be removed to Canada. That request is outside of this Court's jurisdiction. However, it is noted that Cabello-

---

[1] Cabello-Herrera is an inadmissible alien. See 8 U.S.C. 1182(a)(9)(C).

3

Herrera's own submissions show Respondents have checked on that possibility (Doc. 1, pp. 13-14/15).

Since Cabello-Herrera has not carried his burden of proving there is no significant likelihood that he will not be removed in the reasonably foreseeable future, his habeas petition should be denied.

III. Conclusion

Based on the foregoing IS IT RECOMMENDED that Cabello-Herrera's habeas petition be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 2(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the Magistrate Judge is neither required nor encouraged. Timely objections will be considered by the District Judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except**

4

upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases (and other habeas cases pursuant to see Rule 1(b)) in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED in Chambers in Alexandria, Louisiana on this __21st__ day of February, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge